IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY WHITE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-2096 |
| | § | |
| BAC HOME LOANS SERVICING, L.P., | § | |
| | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant BAC Home Loans Servicing, L.P. ("BAC"). Plaintiff Nancy White filed a Response [Doc. # 10] that included an objection to removal and a request for leave to file an amended complaint. BAC neither filed a Reply nor requested additional time to do so. Having considered the full record and applied governing and persuasive legal authorities, the Court **overrules** Plaintiff's objection to removal, **grants** Plaintiff's Motion for Leave to Amend, and **denies** without prejudice BAC's Motion to Dismiss.

### I.    BACKGROUND

Plaintiff, *pro se*, filed this lawsuit in the 295th Judicial District Court of Harris County on May 10, 2010, seeking a declaratory judgment that BAC is not the holder of the Promissory Note reflecting the debt on her home, and a permanent injunction

to prevent BAC from attempting to take possession of her home or otherwise interfere with her use and enjoyment of the property. On June 6, 2011, BAC filed a Notice of Removal asserting federal subject matter jurisdiction based on diversity of citizenship.

Following removal, BAC filed a Motion to Dismiss. Plaintiff, now represented by counsel, filed a Response that included an objection to removal and a Motion for Leave to File Amended Petition.

## II.    **OBJECTION TO REMOVAL**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Plaintiff argues that the amount in controversy is below the jurisdictional amount of $75,000.00. "When equitable and injunctive relief is sought 'the amount in controversy is measured by the value of the object of the litigation,' and '[t]he value of that right is measured by the losses that will follow.'" *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, *2 (S.D. Tex. Aug. 27, 2009) (citing *Milligan v. Chase Home Fin., LLC,* 2009 WL 562219, *3 (N.D. Miss. Mar. 4, 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Webb v. Investacorp, Inc.,* 89 F.3d 252, 256 (5th Cir. 1996)).

In this case, Plaintiff seeks an injunction preventing BAC from taking possession of the property or otherwise interfering "with Plaintiff's right to quiet enjoyment and use of the home . . .." Original Petition [Doc. # 1-1], ¶ 22. Plaintiff also seeks a declaration that she has quiet title to the property. *See id.*, Relief Requested Section, ¶ b. Because Plaintiff seeks an injunction against any interference with her "enjoyment and use" of the property and to have a declaration that she has quiet title to the property, the value of the declaratory and injunctive relief Plaintiff seeks is the value of the home for which she seeks quiet title and an injunction. *See, e.g., Berry*, 2009 WL 2868224 at *3. It is undisputed that the value of the home is more than $75,000.00. Indeed, uncontroverted records of the Harris County Appraisal

District reflect that the market value of Plaintiff's property is $321,748.00. As a result, the jurisdictional amount in controversy is satisfied.

### III.     MOTIONS TO DISMISS AND FOR LEAVE TO AMEND

Defendant in its Motion to Dismiss points out several flaws in Plaintiff's Original Petition. For example, BAC points out that, under provisions of the Texas Property Code, it is not required to be a holder of the Promissory Note in order to conduct the foreclosure on the property. Plaintiff filed the Original Petition, however, *pro se* and in state court. Plaintiff is now represented by counsel, who has requested leave to file an Amended Complaint.

The case is in the very early stages. Indeed, the Court has not yet entered a docket control order and the liberal amendment provisions of Rule 15(a) of the Federal Rules of Civil Procedure apply. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), and "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Because the Original Petition was filed in state court by Plaintiff at a time when she was proceeding *pro se*, the Court concludes that leave to amend should be granted. Counsel for Plaintiff is reminded that the Amended Complaint must comply with the pleading requirements of Rule 8 and Rule 11 of the Federal Rules of Civil Procedure.

## IV.     CONCLUSION AND ORDER

Removal of this case was proper on the basis of diversity jurisdiction. Plaintiff's request to file an amended complaint is granted, rendering moot Defendant's Motion to Dismiss. As a result, it is hereby

**ORDERED** that Plaintiff's objection to removal is **OVERRULED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to Amend [Doc. # 10] is **GRANTED** and Plaintiff shall file an Amended Complaint by **September 30, 2011**. It is further

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **DENIED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this **30th** day of **August, 2011**.

_____
Nancy F. Atlas
United States District Judge